UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TALEFF and VERA TALEFF,<br><br>Plaintiffs,<br><br>v.<br><br>MARCIA LYNN SATTGAST TALEFF,<br><br>Defendant. | Case No.: 18-CV-1294-AJB-JMA<br><br>**(1) DENYING AS MOOT MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION (Doc. No. 1); and**<br><br>**(3) DENYING AS MOOT PLAINTIFF'S MOTION TO APPOINT COUNSEL (Doc. No. 3).** |

Tony Taleff and Vera Taleff, proceeding pro se, commenced this action against Defendant Marcia L. Sattgast Taleff. (Doc. No. 1.) Plaintiffs also filed for leave to proceed in forma pauperis ("IFP") in their complaint. (Doc. No. 2.) The Court reviews Plaintiffs' complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed IFP. (Doc. Nos. 1, 2.) The Court finds *sua sponte* that Taleff's complaint does not establish subject matter jurisdiction. Thus, the Court **DENIES** as moot Taleff's IFP motion,

1

**DISMISSES** the complaint for failure to state subject matter jurisdiction, and **DENIES** as moot Taleff's motion to appoint counsel.

## I.  MOTION FOR IFP

Taleff moves to proceed IFP under 28 U.S.C. § 1915. All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP under 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). All actions sought to be filed IFP under § 1915 must be accompanied by an affidavit, signed by the applicant under penalty of perjury, that includes a statement of all assets which shows inability to pay initial fees or give security. CivLR 3.2.a.

Taleff's affidavit states he receives no monthly income because he is currently unemployed. (Doc. No. 2 at 2.) Taleff writes he did not earn an income in 2017 because he was caring for his parent who underwent three operations. (*Id*. at 6.) He also states he was last employed in 2016. (*Id*. at 6.) The Court finds that Taleff has sufficiently shown an inability to pay the filing fee, but **DENIES** the IFP motion as moot because he failed to state a claim.

## II.  DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

Taleff's complaint alleges the following seven claims: (1) Making false statements to a federal investigator; (2) Defamation of character; (3) Psychological child abuse; (4) Constitutional rights to be a parent; (5) Conversion of property, documents, jewelry, invasion of privacy; (6) Seizure of property, interest repayment; and (7) Elder abuse, child abuse, and extortion. (Doc. No. 1 at 2.)

## III.  DISCUSSION

Taleff contends that jurisdiction is based on federal question. Based on the Court's review of the complaint, the Court finds Taleff failed to establish federal question jurisdiction. Taleff simply listed the factual statements regarding his claims but failed to

state any legal arguments or violations of any constitutional or federal law. (*See* Doc. No. 1 at 5–11.) And while Rule 8 only requires a short and plain statement of facts, Taleff still must connect those facts to federal claims.

Federal courts are courts of limited jurisdiction. Unlike state courts, they have no inherent or general subject matter jurisdiction. They can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate, i.e. those involving diversity of citizenship, a federal question, or to which the United States is a party. *See Finley v. United States*, 490 U.S. 545 (1989). Federal courts are presumptively without jurisdiction over civil actions and the burden of establishing the contrary rests upon the party asserting jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A federal court cannot reach the merits of any dispute until it confirms that it has subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Enviorn.*, 523 U.S. 83, 94–95 (1998). As a result, federal courts are under a continuing duty to confirm their jurisdictional power and "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "Subject matter jurisdiction is determined from the face of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### *A. Claims One, Two, Three, Five, Six, and Seven*

Here, Taleff claims the Court has subject matter jurisdiction over the matter based on federal question under 28 U.S.C. § 1331. However, the following claims are deeply grounded in state law: defamation, conversion of property, seizure of property, elder abuse, psychological child abuse, and making false statements to a federal investigator. Taleff's complaint fails to invoke a federal question and Taleff has not shown that diversity jurisdiction exists. (*See* Doc. No. 1.) As a result, Taleff has not presented sufficient basis for federal jurisdiction in this case.

### *B. Claim Four (Constitutional Rights as a Parent)*

Moreover, Taleff also states his constitutional rights as a parent were violated, however he only makes a vague reference to a violation of his constitutional rights.

(Doc. No. 1 at 8.) Taleff has not alleged a violation of the constitution as an individual claim or a violation of federal law. Additionally, the Court lacks subject matter jurisdiction, pursuant to the domestic relations exception, which divests the federal courts of jurisdiction to resolve disputes involving custody and support decrees. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702–03 (1992); *see Thompson v. Thompson*, 798 F.2d 1547, 1562 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988). In his complaint, Taleff's primary allegations were that Marcia Taleff, his ex-wife, was allegedly interfering with his parental rights to see, visit, and speak with their children. (Doc. No. 1 at 8.) As such, the Court cannot have subject matter jurisdiction over this claim. Accordingly, the Court *sua sponte* **DISMISESS** the complaint without prejudice.

## IV.   REQUEST FOR APPOINTMENT OF COUNSEL

Concurrently with the filing of Taleff's complaint, Taleff filed a motion for appointment of counsel. (Doc. No. 3.) Taleff's motion for appointment of counsel is **DENIED** as moot as Taleff has not established subject matter jurisdiction.

## V.   CONCLUSION

For the reasons set forth above, the Court **DENIES** as moot Taleff's motion to proceed IFP, **DISMISSES** *sua sponte* the complaint for lack of subject matter jurisdiction, and **DENIES** as moot Taleff's motion to appoint counsel. If Taleff elects to continue in federal court rather than re-file in state court, Taleff must file: (1) an amended complaint no later than **thirty (30) days** from the date of this order, and (2) an updated IFP motion. Any amended complaint must clearly set forth why this Court has subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated:  July 2, 2018

Hon. Anthony J. Battaglia
United States District Judge