UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY TALEFF and VERA TALEFF,<br><br>Plaintiffs,<br><br>v.<br><br>MARCIA LYNN SATTGAST TALEFF,<br><br>Defendant. | Case No.: 18-CV-1294-AJB-JMA<br><br>**ORDER:**<br><br>**(1) DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT, (Doc. No. 5)**<br><br>**(2) DENYING AS MOOT MOTION TO PROCEED IFP, (Doc. No. 6) and**<br><br>**(3) DENYING AS MOOT MOTION TO APPOINT COUNSEL, (Doc. No. 7).** |

Before this court is Plaintiffs Tony and Vera Taleff's motion to proceed in forma pauperis, (Doc. No. 6), and motion to appoint counsel, (Doc. No. 7). The Court reviews Plaintiffs' complaint under 28 U.S.C. § 1915(e), as required when a plaintiff files a motion to proceed IFP. The Court finds that Plaintiffs' complaint does not establish subject matter jurisdiction. Thus, the Court **DENIES** as moot Plaintiffs' motions to proceed IFP and for appointment of counsel, and **DISMISSES** the FAC for failure to state subject matter jurisdiction.

# I. DISCUSSION

Subject matter jurisdiction involves a court's power to hear a case, thus "when a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A federal court cannot reach the merits of any dispute until it confirms that it has subject matter jurisdiction to adjudicate the issues presented. *See Steel Co. v. Citizens for a Better Enviorn.*, 523 U.S. 83, 94–95 (1998). As a result, federal courts are under a continuing duty to confirm their jurisdictional power and "obliged to inquire *sua sponte* whenever a doubt arises as to [its] existence. . . ." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). "Subject matter jurisdiction is determined from the face of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Plaintiffs state the Court's jurisdiction arises under 28 U.S.C. §1331—federal question jurisdiction. (Doc. No. 5 at 2.) Federal question jurisdiction is granted for "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The FAC alleges the following claims: (1) Making false statements to a Federal Officer under 18 U.S.C. § 1001; (2) Psychological child abuse under 42 U.S.C. Chapter 67; and (3) Elder Abuse under 42 U.S.C. §3058i. (Doc. No. 5 at 2.) The Court finds, for the reasons discussed herein, that none of these claims qualify as a bases for federal question jurisdiction under 28 U.S.C. § 1331.

## A. Making False Statements under 18 U.S.C. § 1001

Plaintiffs invoke 18 U.S.C. § 1001, alleging that Defendant made false statements to state police and the FBI about him. (Doc. No. 5 at 3.) However, there is no private right of action under this statute. *Roettgen v. Jardins*, No. 14–cv–02913–BAS (JMA), 2015 WL 1538085, at *3 (S.D. Cal. Apr. 7, 2015); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (concluding that a claim alleging violation of 18 U.S.C. § 1001 was properly dismissed because it does "not provide for a private right of action and [is] thus not enforceable through a civil action"). Thus, Plaintiffs cannot properly invoke federal question jurisdiction under § 1001.

### B. Psychological Child Abuse under

Similarly, Plaintiffs' allegations under The Federal Child Abuse Prevention and Treatment Act, as well as 42 U.S.C. § 3058i, fail to invoke this Court's jurisdiction under 28 U.S.C. § 1331. The Federal Child Abuse Prevention and Treatment Act authorizes the Secretary of H.H.S. to execute and coordinate activities of national significance related to child abuse prevention and treatment. 42 U.S.C. § 5101, 5107. Nowhere does the act provide for federal civil remedies by private individuals for alleged child abuse; indeed, the act makes grants to States to pursue legal remedies for such abuse. *See id.* at § 5106(a)(2)(C)(iii). Plaintiffs' invocation of 42 U.S.C. § 3058i similarly fails as that statute pertains to State agencies' eligibility to receive federal funding for vulnerable elder rights protection activities. *See* 42 U.S.C. § 3058, 3058b. There is again no federal civil remedy created by Title 42 – Chapter 35 – Subchapter XI of the U.S. Code.

### C. Elder Abuse and Extortion under 42 U.S.C. § 3058i

Plaintiffs allege Defendant "physically hit my mother, Vera Taleff." (Doc. No. 5 at 6.) This statute is aimed at prevention of elder abuse, neglect, and exploitation and the funds provided by the statute are to be used "to develop, strengthen, and carry out programs for the prevention, detection, assessment, and treatment of, intervention in, investigation of, and response to elder abuse, neglect, and exploitation." 42 U.S.C. § 3058i(b). However, again, this statute fails to provide a private right of action. *Sienze v. Madera Cnty. Sheriff's Office*, No. 1:17–cv–00736–AWI–SAB, 2017 WL 2423672, at *7 (E.D. Cal. June 5, 2017) ("The Court finds that Congress did not intend to create a private right of action under section 3058i. Plaintiff does not have a federal cause of action for elder abuse under 42 U.S.C. § 3058i.").

Further, even if the Court interpreted Plaintiffs' complaint as bringing a civil battery claim, the statute of limitations in California is two years from the date of the intentional act. C.C.C.P. § 335.1. Here, the alleged incidents took place beginning in 2007 until, generously, 2011. (Doc. No. 5 at 6–7.)

## D. Plaintiffs' Fourteenth Amendment Claims

The Court notes that FAC alludes generally to violations of the "14th Amendment of the [C]onstitution," (Doc. No. 5 at 2), and alleges the Family Courts, local law enforcement, as well as the city school system have been arbitrarily denying Plaintiff access to his children. (*Id.* at 4–7.) The Fourteenth Amendment does protect a "fundamental liberty interest of natural parents in the care, custody, and management of their child." *Santosky v. Kramer*, 455 U.S. 745, 753 (1982). However, the protections of the Constitution and the laws of the United States in a Section 1983 action only extent to deprivations "committed under color of state law[,]" in that "merely private conduct" is excluded. *Am. Mfrs. Mut. Ins. Co.v. Sullivan*, 526 U.S. 40, 49–50 (1999). Here, Plaintiffs have brought suit solely against the Defendant, who is a private individual and in no way acting under color of state law. Thus, although the FAC does invoke the Fourteenth Amendment at times, Plaintiffs have not brought suit against any qualifying state actors for the purposes of a possible Section 1983 claim that might give rise to federal question jurisdiction.[1]

Similarly, the FAC alludes to racial bias in how Plaintiff was treated by his child's school under the second cause of action, and Plaintiff alleges "the source of the bias is defendant." (Doc. No. 5 at 5.) For the reasons discussed above, if Plaintiff were attempting to make out a Section 1983 claim for discrimination based on race that allegation would fail as no state actors have been joined as defendants here. Defendant is a private individual and so far as this Court can determine Plaintiffs may be alleging defamation and assault, (which are state law tort claims), or violations of court ordered custody and visitation, as

---

[1] The Court notes that a general domestic relations exception would bar federal subject matter jurisdiction of any family law custody and support decree remedies Plaintiff may be seeking. *See See Ankenbrandt v. Richards*, 504 U.S. 689, 702–03 (1992). Further, the Supreme Court has found that the fundamental Constitutional rights of parents preclude a substantive due process argument on behalf of grandparents. *See Troxel v. Granville*, 530 U.S. 57 (2000). Thus, Plaintiffs' allegations that Defendant's interference with, or the Family Court's lack of granting visitation is a Constitutional violation, is doubly misplaced.

well as elder abuse claims. The remedies for these wrongs are properly within the purview of the State of California. *See* Cal. Civ. Code § 43 (the right to protection from bodily harm and defamation); Cal. Welf. & Inst. Code § 15600 *et seq.* (the Elder Abuse and Dependent Adult Civil Protection Act); Cal. Fam. Code § 3022 (California courts have the broad general order to make custody order that are necessary and proper.).

## II. MOTIONS FOR IFP AND APPOINTMENT OF COUNSEL

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915, (Doc. No. 6), and for appointment of counsel, (Doc. No. 7). However as this Court finds subject matter jurisdiction is lacking for any cognizable claim arising out of the FAC, Plaintiffs' motions to proceed IFP and for appointment of counsel are **DENIED** as moot. (Doc. Nos. 6, 7.)

## III. LEAVE TO AMEND

Leave to amend should be granted if it appears possible that the plaintiff can correct the complaint's deficiency. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988). The "rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant. Presumably unskilled in the law, the pro se litigant is far more prone to make errors in pleading than the person who benefits from the representation of counsel." *Noll*, 809 F.2d at 1448; *see Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013); *see also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim . . . without giving the plaintiff an opportunity to amend."). However, a district court may in its discretion deny leave to amend due to repeated failures to cure deficiencies by amendments previously allowed. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "The district court's discretion to deny leave to amend is particularly broad." *Id.*

Here, the Court finds that even liberally construing the FAC, there is no way Plaintiffs can state a federal claim. The basis of the FAC is grounded in state law custody claims, and this Court simply does not have jurisdiction over such types of claims. Thus, the Court finds leave to amend would be futile, and **DISMISSES** their FAC with prejudice.

5

18-CV-1294-AJB-JMA

## IV. CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the FAC with prejudice for lack of subject matter jurisdiction, and **DENIES** as moot Plaintiffs' motions to proceed IFP and to appoint counsel. (Doc. Nos. 6, 7.)

**IT IS SO ORDERED.**

Dated: December 6, 2018

Hon. Anthony J. Battaglia
United States District Judge